IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Angelo Redding, | ) | C/A No. 5:12-2113-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Sun Printing, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Angelo Redding ("Redding"), brought this action against his former employer, Sun Printing, Inc. ("Sun"),[1] alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq.; as well as state law claims of negligence. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion to dismiss for insufficient service of process. (ECF No. 4.) Redding filed a response in opposition (ECF No. 8) and the defendant replied (ECF No. 10). Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion should be conditionally granted.

The defendant removed this action from the Orangeburg County Court of Common Pleas. Consequently, the issue of defective service is governed by 28 U.S.C. § 1448, which provides in pertinent part: "In all cases removed from any State court to any district court of the United States . . . in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." 28 U.S.C.

---

[1] The defendant asserts that it should be properly identified as Sun, Inc.

§ 1448; see also Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."). Thus, although the validity of service in state court prior to removal is determined by the law of the state under which service was made, "a defect in service that occurs prior to removal can be cured after removal by the federal court issuing new process or by an amendment of the original process." 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1082 at 428 (3d ed. 2002). "Since the federal courts have demonstrated a desire to prevent unnecessary dismissals by retaining removed cases and curing defects in the state court service, the defendant can obtain a dismissal for lack of jurisdiction after removal only when the original service in the state court was improper, and the plaintiff finds it impossible to perfect service under Rule 4 after removal." Id. at 430-31.

As thoroughly addressed in the defendant's memoranda, Redding did not properly and timely effect service of process on Sun, as his method of service—personal delivery to an employee of Sun who is not a proper agent to receive process—is insufficient as a matter of law.[2] (See Def.'s Mem. Supp. Mot. Dismiss, ECF No. 4-1.) Although Redding argues that his deadline should be equitably tolled, the court agrees with Sun for the reasons advanced in its Reply memorandum that the record does not support equitable tolling in this instance. Accordingly, the court concludes that service of process has not been properly effected on Sun.

---

[2] The parties appear to agree that the validity of service and the timing of the commencement of this action is governed by Rule 3 and 4 of the South Carolina Rules of Civil Procedure. See Rule 3, SCRCP ("A civil action is commenced when the summons and complaint are filed with the clerk of court if: (1) the summons and complaint are served within the statute of limitations in any manner prescribed by law; or (2) if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing."); Rule 4(d)(3), SCRCP (providing for service of process on a corporation).



The court therefore recommends, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, that if the plaintiff does not effect valid service on Sun within thirty days from the date of this Report and Recommendation, the defendant's motion be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 10, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).