## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ORANGEBURG DIVISION

| | |
|---|---|
| Angelo Redding, | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 5:12-cv-02113-JMC |
| v. | ) |
| | ) **ORDER AND OPINION** |
| Sun Printing Incorporated, | ) |
| Defendant. | ) |

Plaintiff Angelo Redding ("Plaintiff") brought this action against his former employer, Defendant Sun Printing Incorporated ("Sun"), alleging race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq,* and negligence under South Carolina common law. The action was originally filed on February 28, 2012, in state court in Orangeburg, South Carolina, and it was properly removed to this court on July 27, 2012. Before the court is Sun's Renewed Motion to Dismiss [Dkt. No. 21] for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff has made three attempts to serve process in this action, all of which have failed. Plaintiff made his first attempt at service of process on April 10, 2012. Service was mailed to an address in North, South Carolina, where Sun has neither a facility nor an agent. Plaintiff claims, without any evidentiary support, that the Secretary of State's Office provided him with the wrong address. On June 27, 2012, 120 days after this action was filed,[1] Plaintiff tried again by

---

[1] Pursuant to Rule 3(a)(2), SCRCP, service must be accomplished no later than 120 days after filing. As the Magistrate Judge noted, the parties appear to agree that the South Carolina Rules of Civil Procedure governed the timing of the commencement of this action and the requirement for service prior to removal of this action to federal court. *See Sanders v. S. Carolina Dep't of*

1

serving an employee at Sun. However, that individual was not authorized to receive service for the corporation. Sun subsequently filed a Motion to Dismiss [Dkt. No. 4] on the grounds of insufficient service of process.

On January 10, 2013, a Magistrate Judge previously assigned to this case issued a Report and Recommendation ("Report") [Dkt. No. 12], finding that Plaintiff's attempted service was insufficient as a matter of law because Plaintiff delivered service to an employee of Sun who was not a proper person to receive service under Rule 4(d)(3), SCRCP. Such improper service rendered Plaintiff's service untimely pursuant to Rule 3(a)(2), SCRCP. The Magistrate Judge found it appropriate to grant Plaintiff an additional thirty (30) days to effect valid service. Neither party filed objections to the Magistrate Judge's Report.

By its Order [Dkt. No. 17] filed January 30, 2013, this court accepted the Magistrate Judge's recommendation that Sun's motion be granted if Plaintiff did not affect valid service on Sun within (30) days of January 10, 2013, the date the Report was filed. The court further ordered Plaintiff to file proof of service with the court by February 15, 2013, or face dismissal of his claims pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

On February 11, 2013, Plaintiff filed proof of service and an accompanying affidavit from Plaintiff's process server attesting that he executed service by personally delivering the summons and complaint to "Harvey Cook (Registered Agent)" at 6222 North Road, Orangeburg, South Carolina. *See* Summons [Dkt. No. 19]. On February, 20, 2013, Sun filed a Renewed Motion To Dismiss [Dkt. No. 21] on the grounds of insufficient service of process since, instead of serving Harvey "Andy" Cook ("Andy"), who is the owner of Sun, Plaintiff's process server

---

*Corr.*, No. Civ. A. 6:03-1127-25AK, 2004 WL 2944083 (D.S.C. Mar. 1, 2004) ("Because this action was originally filed in state court, service of his summons and complaint were required to be made in accordance with Rule 4 of the South Carolina Rules of Civil Procedure.").

2

served Andy's father, who shares the name Harvey A. Cook with his son. Defendant asserts that Andy's father ("Harvey Cook") has no connection to Sun other than the fact that his son owns the company and further that Harvey Cook has no authority to accept legal process for Sun. Defendant denies that the process server asked Harvey Cook whether he was a registered agent for Sun.

Plaintiff asserts that Sun's motion should not be granted because he made a good faith effort at service. Plaintiff asserts that his process server was unable to locate the address on file with the Secretary of State for Andy Cook, so he instead served Harvey Cook at the 6222 North Road address. Plaintiff alleges that Harvey Cook accepted service and acknowledged being a registered agent for Sun. Plaintiff also contends that no one informed him that the attempt at service was invalid.

## DISCUSSION

Rule 12(b)(5) of the Federal Rules of Civil Procedure provides that a court may dismiss a claim that fails to comply with the requirements of service of process under Rule 4. Fed. R. Civ. P. 12(b)(5). The requirements for service of process for a corporation, association or partnership are governed by Federal Rule 4(h), which provides that service may be accomplished pursuant to state law where the district court is located or by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h). The procedures for serving a corporation under South Carolina law are substantially similar to those outlined in Federal Rule 4(h). *See* Rule 4(d)(3), SCRCP.

The court has the discretion to dismiss a case under Rule 12(b)(5) for insufficient service of process. *Reinhold v. Tisdale*, Civil Action No. 8:06-3311-MBS-BHH, 2007 WL 2156661

3

(D.S.C. Apr. 30, 2007) (citing *Dimensional Communications, Inc. v. OZ Optics, Ltd.,* 218 F. Supp. 2d 653, 655 (D.N.J. 2002)), *report and recommendation adopted*, Civil Action No. 8:06-3311-MBS-BHH, 2007 WL 2173368 (D.S.C. July 26, 2007). Dismissal for insufficient service of process may be warranted when the defendant has been prejudiced or where proper service is unlikely to be accomplished. *Id*. (citing *Curcuruto v. Cheshire,* 864 F. Supp. 1410, 1411 (S.D. Ga. 1994)). However, Rule 4 also requires a plaintiff to serve the defendant with the complaint within 120 days after the complaint is filed. Fed. R. Civ. P. 4(c)(1) and 4(m). If the party fails to file within 120 days, the court must dismiss the action without prejudice unless the Plaintiff shows good cause for the failure. Fed. R. Civ. P. 4(m).

The Magistrate Judge determined that Plaintiff's attempt at service in June 2012 was inadequate, which rendered Plaintiff's service untimely pursuant to Rule 4(m). Upon being given a thirty-day extension of time, Plaintiff failed once again to accomplish valid service of process pursuant to Rule 4(h). Harvey Cook was not a manager, an officer, or an authorized agent for Sun. Even if, as Plaintiff's process server alleges, Harvey Cook acknowledged that he was a registered agent for Sun, service was still invalid since Plaintiff has presented no evidence that Sun intended to confer on Harvey Cook the authority to receive process. *See* Wright and Miller, Federal Practice and Procedure Civil 3d § 1097 (2002) ("[T]he federal courts have held that claims by an agent of having authority to receive process or the fact that an agent actually accepts process is not enough to bind the defendant to the court's jurisdiction; there must be evidence that the defendant intended to confer the authority upon the agent ...").

Plaintiff's argument that he made a good faith effort to effectuate valid service upon Sun within the thirty-day extension provided by this court is unpersuasive. In the Memorandum supporting its previous Motion to Dismiss [Dkt. No. 4-1], Sun listed by name and position those

persons designated to receive service. As a previous employee, Plaintiff knew well the location of Sun Printing where Andy Cook and the other authorized agents worked. Even if Plaintiff's process server could not locate the address for Andy Cook as it was listed on file with the South Carolina Secretary of State, the process server's decision to seek out Harvey Cook rather than attempt service on one of the previously named persons at the Sun Printing location where those named persons worked is inexplicable.

Plaintiff further argues that he was not informed by anyone at Sun or by Harvey Cook that his attempt at service was ineffective. However, it is not this court's responsibility or the responsibility of opposing party to assure that the plaintiff has properly issued service. *Schaefer v. United States*, Civ. A. No. 90-6510, 1991 WL 63802 (E.D. Pa. Apr. 22, 1991).

Finally, Sun argues persuasively that it has already been prejudiced by the delay in service. Sun notes that the instigating actions underlying this claim occurred in August 2010, and that the delay has likely impacted the parties' abilities to recall the events relevant to Plaintiff's claim.

## CONCLUSION

Therefore, for the reasons stated above, the court **GRANTS** Defendant Sun Printing's Renewed Motion to Dismiss pursuant to Rule 12(b)(5) and Rule 4(m) of the Federal Rules of Civil Procedure. The court dismisses the action without prejudice.

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Judge

May 16, 2013
Greenville, South Carolina